# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NAVIGATORS INSURANCE COMPANY as
subrogee of AERO LOGISTICS, Inc.,

                Plaintiffs,

      -vs-                                        Case No. 11-C-7

FREIGHT TEC MANAGEMENT GROUP, Inc.,
and KRIST ENGER d/b/a ENGER ENTERPRISES,

                Defendant.

## DECISION AND ORDER

Aero Logistics, Inc. contracted with Freight Tec Management Group for the transportation of certain mining equipment from Milwaukee to Green Valley, Arizona. According to the complaint, the driver deviated from the designated route, causing the cargo to collide with a highway overpass. The cargo was severely damaged and ultimately declared a total loss. Count one of the complaint alleges a claim under the Carmack Amendment, 49 U.S.C. § 14706, et seq. Count two alleges that Freight Tec breached its bailment obligations under state law. Freight Tec moves to dismiss count two.

Freight Tec argues that count two is preempted by the Carmack Amendment. The Carmack Amendment generally preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods. *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1414 (7th Cir. 1987). The complaint alleges that Freight Tec is a

"common and/or contract carrier[] of goods for hire and as such owed a statutory duty to the shippers and consignees for whom they agreed to carry cargo." Complaint, ¶ 22. Freight Tec argues for preemption because the Court must accept as true the allegation that Freight Tec is a "carrier" under the Carmack Amendment. 49 U.S.C. §§ 13102(3), (4) (defining carrier and contract carrier).

If a plaintiff "chooses to 'plead particulars, and they show he has no claim, then he is out of luck – he has pleaded himself out of court.'" *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996) (quoting *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994)). On the other hand, plaintiffs are allowed to plead alternative, inconsistent legal theories. Fed. R. Civ. P. 8(d)(2); *Harley Marine Serv., Inc. v. Manitowac Marine Group, LLC*, 759 F. Supp. 2d 1059, 1060-61 (E.D. Wis. 2010). More to the point, the allegation that Freight Tec is a carrier does not necessarily mean that it was acting as a carrier for purposes of the transaction at issue. "A transportation entity may have authority to operate as both a broker and a carrier. The focus of the court's inquiry must be on . . . the specific transaction . . . and the nature of the relationship." *Schramm v. Foster*, 341 F. Supp. 2d 536, 549 (D. Md. 2004). As an affirmative defense, Freight Tec alleges that it was acting as a broker, not a carrier. If so, count two is not preempted by the Carmack Amendment. *Comm'l Union Ins. Co. v. Forward Air, Inc.*, 50 F. Supp. 2d 255, 259 (S.D.N.Y. 1999) ("broker liability survives the enactment of the Carmack Amendment"); *Custom Cartage, Inc. v. Motorola, Inc.*, No. 98 C 5182, 1999 WL 89563, at *3 (N.D. Ill. Feb. 16, 1999).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Freight Tec's motion to dismiss [D. 16] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **November 15, 2011** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call.

3. The purpose of the conference call is to establish a scheduling order which will limit the time to join other parties and to amend the pleadings; to file motions; and to complete discovery.

4. The scheduling order may also: modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; provide for the disclosure or discovery of electronically stored information; include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; the date or dates for conferences before trial, a final pretrial conference, and trial; and any other matters appropriate in the circumstances of the case.

5. The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule

26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case.

      7.      The written report must include the telephone numbers where the parties can be reached for this call.

      8.      In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information.</u> Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

**Dated at Milwaukee, Wisconsin, this 19th day of September, 2011.**

                                        **BY THE COURT:**

                                      */s/ Rudolph T. Randa*
                                      _____
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**